IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MATTHEW W. BARNETT                                                      PETITIONER

v.                          NO. 5:17-cv-00303 BRW/PSH

ARKANSAS DEPARTMENT OF CORRECTION,                                      RESPONDENTS
PAROLE OFFICER SISSIN, ARKANSAS DEPARTMENT
OF COMMUNITY CORRECTIONS, and
WENDY KELLEY

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Matthew W. Barnett ("Barnett") began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, and in a subsequently filed amended petition, he challenged his continued confinement within the Arkansas Department of Correction. He represented that he has been granted parole and asked that he be immediately released to "any of the Arkansas Community Correction Transitional Housing Facilities." See Docket Entry 2 at CM/ECF 1.

Respondent Wendy Kelley ("Kelley") thereafter filed the pending motion to dismiss for lack of jurisdiction or, in the alternative, motion to dismiss for failure to state a claim. In the motion, Kelley represented the following:

> Because [Barnett] has been released on parole and is currently residing at the Lighthouse, there is no longer an actual injury that can be redressed by a favorable judicial ruling granting [him] that which he seeks: release from physical confinement. Accordingly, this action no longer presents a case or controversy and should be dismissed as moot.
>
> In the alternative, there is no protectable liberty interest in participation in vocational or rehabilitative programs or transfer to such programs under Arkansas law. Thus, [Barnett] fails to raise a cognizable claim and his petition should be dismissed as such.

See Docket Entry 11 at CM/ECF 2.

The undersigned gave Barnett an opportunity to file a response in which he explained why his petition should not be dismissed for the reasons advanced by Kelley. Barnett was instructed to address how relief could be granted when it appeared that he had already obtained the relief he sought in his petition, i.e., he had already been released on parole and was residing at a transitional housing facility.

Barnett eventually filed a response to Kelley's motion to dismiss. In the response, Barnett represented that he had resolved his differences with the director and staff at the transitional housing facility where Barnett was residing and was being allowed to "access legal materials and … visit public buildings such as the library which has available the legal reference materials necessary to search cases in support of [this case] …" See Docket Entry 14 at CM/ECF 2. He additionally represented the following in his response:

> … Petitioner agrees to dismiss his pending writ of habeas corpus and wishes this Court to take notice that the Director and staff of Safe Harbor of Little Rock, Arkansas, has made it possible for his release from prison and therefore Petitioner will not claim unlawful incarceration. In other words, "BUT FOR" Safe Harbor Director and Staff, Petitioner would be unlawfully retrained of his liberties while on parole inside an Arkansas prison.

See Docket Entry 14 at CM/ECF 2-3.

The undersigned wanted to ensure that Barnett was truly asking that his petition be dismissed so he was directed to file a short pleading in which he clearly and unequivocally stated his desire to voluntarily dismiss his petition. He responded to the order by filing the pending motion to dismiss in which he clearly and unequivocally asked that his petition be dismissed. See Docket Entry 16.

The undersigned has no reason to doubt the voluntariness of Barnett's motion to dismiss. There is nothing to suggest that it was filed under duress or compulsion. For good cause shown, it is therefore recommended that the motion be granted, Barnett's petition be dismissed without prejudice, and judgment be entered. Kelley's motion to dismiss should be denied as moot.

DATED this 26th day of February, 2018.


_____
UNITED STATES MAGISTRATE JUDGE